IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomasina Singleton, | ) | C/A No.: 6:09-cv-02104-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| City of Greenville Housing Authority and Ullyses Sweeney, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

The applicable standard of review is as follows:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

Plaintiff brought this action, *pro se*, against Defendant The Housing Authority of the City of Greenville ("GHA") and her former supervisor Ullyses Sweeney, pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended. Plaintiff alleges that she was subjected to a hostile work environment in the form of sexual harassment by Sweeney, other GHA employees, and by several unnamed GHA residents.

GHA entered a Host-Agency Agreement with the American Association of Retired Persons ("AARP") Foundation, which administered a program entitled Senior Community Service Employment Program ("SCSEP").  SCSEP is a grant program funded by the United States Department of Labor designed to provide temporary income to economically disadvantaged and financially eligible individuals 55 years of age and older while in a work/training assignment.  Plaintiff was an enrollee/participant in the SCSEP training at GHA from March 24, 2008 to September 3, 2008.  Her job duties included filing, answering the telephone, making folders and performing other general office tasks.  Sweeney was a Property Manager III for GHA, and from July 7, 2008 to September 3, 2008, he was Plaintiff's Host Supervisor.  In her complaint, Plaintiff alleges that she was subject to sexual harassment by Sweeney.

Defendant filed a motion for summary judgment on May 6, 2010. [Doc. 53]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 58].  Plaintiff filed a response in opposition to the motion for summary judgment on June 9, 2010.  [Doc. 64].  The Magistrate Judge filed a detailed and comprehensive report and recommendation on September 21, 2010, recommending that GHA's motion for summary judgment be granted and that the court dismiss the complaint

against Mr. Sweeney. [Doc. 76]. Plaintiff filed objections on October 8, 2010, which has carefully been considered by the court. [Doc. 79]. GHA filed a reply to Plaintiff's objections on October 20, 2010. [Doc. 82].

In light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the report and recommendation of the Magistrate Judge, together with Plaintiff's objections thereto, the caselaw, and GHA's reply. The court finds there are no genuine disputes of any material fact under Fed. R. Civ. P. 56, and that defendant is entitled to judgment as a matter of law.

Plaintiff's hostile work environment claim must be dismissed because she cannot establish that GHA was her employer within the definition of Title VII. As the Magistrate Judge noted, Plaintiff has produced no evidence to contest that GHA was not her employer for purposes of Title VII. In her objections, Plaintiff claims she "was in a workplace environment and was treated as an employee with a work schedule made by GHA supervision and also had to report to GHA supervision when not reporting to work as GHA employees were required." [Doc. 79 at 1] .She argues that her work schedule, breaks and assignments were made by GHA, and claims that the "agreement between GHA and the SCSEP (AARP) is not relevant to a Civil action presented by plaintiff against Mr. Sweeney nor the Greenville Housing Authority." [Doc.79 at2]. The undersigned respectfully disagrees. The case law provides a framework to evaluate many factors in determining whether an employee-employer relationship existed between Plaintiff and GHA. The law recognizes as significant the parties' intentions regarding the nature of the employment relationship. *Cilecek v. Inova Health Systems Services*, 115

F.3d 256 at 259–63 (4th Cir. 1997).  All the documents involved in this case reflect the clear intentions of the parties that Plaintiff was on a temporary training assignment with GHA as a Host Agency. Plaintiff received no compensation or benefits from GHA, had no "job" at GHA and received no offer of employment from GHA.  No genuine dispute exists that GHA was not Plaintiff's employer for purposes of Title VII.

For the foregoing reasons, the report and recommendation of the Magistrate Judge is incorporated herein by reference and adopted as the order of this court.  Plaintiff's objections are overruled, and GHA's motion for summary judgment is granted.  Further, the court has considered the claim against Mr. Sweeney and finds that the claim should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

IT IS SO ORDERED.

<u>s/J. Michelle Childs</u>
United States District Judge

Greenville, South Carolina
March 11, 2011